JOHN M. G. PARKER *vs.* EAGLE FIRE INSURANCE COMPANY.

Under a policy of insurance on a building against fire, which provides that the insurers may " make good the damage by repairs, and the insured shall contribute one fourth of the expense," if the insurers, intending to comply with this provision in good faith, make repairs of substantial benefit, though not fully making good the loss, the measure of the assured's damages is the difference between. the value of the building as repaired, and what it would have been if fully repaired; deducting one fourth of their value to the estate.

ACTION OF CONTRACT to recover a loss by fire under a policy of insurance upon three wooden houses, "under the conditions and limitations expressed in the by-laws" annexed to the policy, the sixteenth of which provided " that the company shall have the right to make good the damage by rebuilding, replacing or repairs ; and the insured shall contribute one fourth of the expense of rebuilding or repairing."

At the trial in this court, the defendants admitted a partial loss ; but contended, and offered evidence tending to prove, that they had repaired it and made it good according to that by-law. The plaintiff offered evidence tending to show that the repairs made by the defendants were not sufficient to make good the loss.

The defendants requested the following instruction : " If the jury shall find that the defendants did repair the buildings injured by fire, but not in such perfect manner as to make them as good as before the fire, then the measure of damages is the

sum which the plaintiff is damaged by the insufficiency of the defendants' repairs." But *Merrick*, J. refused this instruction; and instructed the jury, " that the defendants having undertaken to make good the plaintiff's loss, by replacing, rebuilding and repairing, if they had not fully done this, so as to make the building substantially as good as before the fire, no deduction should be made from the damage, originally done to the plaintiff's buildings by fire, for any repairs made by the defendants, and if the defendants had not fully made good the plaintiff's loss by their repairs, then the jury should give the same damages to the plaintiffs as if no repairs had been made." The jury returned a verdict for the plaintiff for his full damages, and the defendants excepted to this ruling.

*I. W. Beard,* for the defendants.

*B. F. Butler,* for the plaintiff. The contract of fire insurance is a contract of indemnity for actual loss; and the damages are to be ascertained by the expense of restoring the property to its condition before the fire, without any deduction for the difference in value between new and old, or any regard to the cost of the property. 2 Greenl. Ev. § 407. *Brinley* v. *National Ins. Co.* 11 Met. 195. Insurers have no right to repair or rebuild, except by express stipulation in the contract of insurance. 2 Phil. Ins. § 1754. Such a stipulation can only be complied with by a complete indemnity; and if the insurers elect to repair, they do so at their own peril if they fail to completely restore the building; they cannot repair in part, and pay damages in money for the remainder of the indemnity. If they could, they might erect a building entirely different from the original.

THOMAS, J. The defendants were to repair the buildings under the contract between the parties, made by the by-law. It was a contract to be performed upon the real estate of the plaintiff, and the usual rule as to labor and materials furnished upon real estate applies. The labor done and materials furnished in building, and in the repair of buildings, become incorporated with and additions to the real estate of the owner. If therefore the repairs were made with the purpose of comply-

154                          MIDDLESEX.

ing with the by-law in good faith, and were of substantial benefit to the plaintiff, the defendants should have the advantage of them, though not so perfect as fully to make good the plaintiff's loss. The difference between the value of the buildings as repaired in fact, and what the value would have been had the repairs been full and complete, is the measure of damages in the case.

It is to be observed that under the by-law one fourth of the expense of the repairs is to be borne by the insured. In a case where the repairs are imperfect, he should bear not one fourth of the cost of repairs, but of their value to the estate.

*Exceptions sustained.*